IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP YOUTIE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MACY'S RETAIL HOLDING, INC., and | : | NO.  07-3182 |
| MACY'S, INC. | : | |

O'NEILL, J.                                                    August   31    , 2009

## MEMORANDUM

On June 5, 2009, I granted defendants Macy's Inc. and Macy's Retail Holdings, Inc.'s

motion for summary judgment on plaintiff Philip Youtie's  claims of breach of contract and

violations of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, et seq., and

entered judgement in favor of defendants and against plaintiff pursuant to Federal Rule of Civil

Procedure 54(b) on those claims.  On June 18, 2009, plaintiff filed a motion for reconsideration

of my June 5, 2009 Order which I denied on August 11, 2009.  I have before me defendants'

motion for attorneys' fees, plaintiff's response, defendants' reply and supplemental filing and

plaintiff's response thereto.

## BACKGROUND

I.        Procedural History

On August 3, 2007, plaintiff Philip Youtie filed a complaint against defendant Macy's

alleging a breach of plaintiff's employment agreement and violations of the Pennsylvania Wage

Payment and Collection Law (WPCL), 43 P.S. § 260.1, et seq.  Jurisdiction is based on diversity

of citizenship.  28 U.S.C. § 1332.  On December 17, 2007, Macy's filed an answer, affirmative

defenses and counterclaims alleging that plaintiff breached his employment agreement,

misappropriated trade secrets and/or confidential and proprietary information, breached his

fiduciary duty and duty of loyalty, engaged in tortious interference with business and employment relations, was unjustly enriched and engaged in unfair competition.  On August 19, 2008, plaintiff filed an answer to Macy's counterclaims.  On March 26, 2009, plaintiff filed an amended complaint against defendants alleging the same claims and adding Macy's Retail as an additional defendant.  Defendants filed their answer to the amended complaint, affirmative defenses and identical counterclaims against plaintiff on April 15, 2009.  On May 5, 2009, plaintiff filed his answer to defendants' counterclaims.

The parties filed their first cross-motions for summary judgment in the autumn of 2008.  On June 5, 2009, I ruled on the motions as follows:  (1) I granted defendants' and denied plaintiff's motion for summary judgment on plaintiff's breach of contract and WPCL claims; (2) I granted plaintiff's and denied defendants' motion for summary judgment on defendants' counterclaims of breach of contract, breach of fiduciary duty and duty of loyalty and tortious interference with business and employment relations with respect to plaintiff's introduction of David's Bridal employee Linda Shaps-Shanin to Steven Erlbaum; (3) I granted defendants' and denied plaintiff's motion for summary judgment on defendants' counterclaim of breach of contract for plaintiff's request for and disclosure of "first cost" data; (4) I denied without prejudice plaintiff's and defendants' motion for summary judgment on defendants' counterclaims of misappropriation of trade secrets and/or confidential and proprietary information, breach of fiduciary duty and duty of loyalty, unjust enrichment and unfair competition with regard to plaintiff's request for and disclosure of "first cost" data and allowed defendants to file an amended counterclaim complaint adding a claim under the Pennsylvania Uniform Trade Secrets Act (PUTSA), 12 Pa. Cons. Stat. Ann. § 5301, et seq. (2004); (5) I allowed the parties to file

2

motions for summary judgment thereafter; and (6) I denied without prejudice plaintiff's motion for summary judgment on defendants' request for injunctive relief.

On June 20, 2009, defendants filed an amended counterclaim to include a claim under the PUTSA.  The parties filed their second cross-motions for summary judgment on defendants' remaining counterclaims which are currently pending before me.  On July 14, 2009, plaintiff filed his answer to defendants' amended counterclaims.  On August 31, 2009, I denied David's Bridal's motion to intervene in defendants' counterclaims against plaintiff.

II.   Factual History

On August 1, 2000, Macy's acquired all of the publicly-held shares of David's Bridal, Inc.  David's Bridal is a corporation and a clothier specializing in bridal gowns and other formal wear and accessories.  Plaintiff had purchased David's Bridal in 1972, expanded the operations, partnered with Steven Erlbaum beginning in 1989 or 1990 and with Erlbaum made a public offering of David's Bridal's stock in 1999.  After Macy's acquired David's Bridal, plaintiff entered into a contract of employment with a division of Macy's, Macy's Retail.  In accordance with the terms of the agreement, Youtie served as the Executive Vice-President, Product Development and Sourcing of the David's Bridal division of Macy's Retail.  On November 17, 2006, an affiliate of Leonard Green & Partners signed an agreement with Macy's to acquire David's Bridal.  The sale and transfer of stock of David's Bridal to the Leonard Green affiliate was consummated on January 31, 2007.  As part of the transaction, Macy's subsidiary Macy's Retail assigned its employment agreement with plaintiff to David's Bridal.  The agreement provided in relevant part:

**11.  Successors and Assigns**.  This Agreement will inure to the benefit of, and

3

will be binding upon, May, its successors and assigns; provided, however, that,
because this is an agreement for the personal services [sic], you cannot assign any
of your obligations under this Agreement to anyone else.  May may assign its
obligations under this Agreement to a May subsidiary; any assignment, however,
will not relieve May of any of its obligations hereunder except to the extent that
they are actually discharged by the subsidiary.  Whenever this Agreement refers to
May, that reference includes any of May subsidiaries or divisions in existence at
any time during which this Agreement governs the conduct of you and May.

Plaintiff argued that as a result of the assignment, he was no longer an employee of Macy's

Retail and since his employment was terminated without cause, he was entitled to the severance

obligations set forth in Paragraph 4(c) and (f) of the agreement.  Defendants contested plaintiff's

claims and his entitlement to severance.  Additionally, defendants argued that plaintiff's conduct

during his employment with defendants and with David's Bridal gave rise to their causes of

action against him.  I found that the assignment to David's Bridal was proper and therefore it did

not result in a termination of plaintiff's employment without cause.

Section 6(a) of the employment agreement prohibited plaintiff "at any time, directly or

indirectly, [from] us[ing] or disclos[ing] any of May's [aka Macy's Retails'] Confidential

Information except as authorized and within the scope of [his] employment with May [aka

Macy's Retail.]"  Plaintiff admitted that he obtained "first cost" data on the dresses in David's

Bridal's Spring 2007 catalogue from Lydia Chow, an employee of Fillberg LTD, David's

Bridal's Hong Kong marketing representation, during a business trip to Hong Kong in January

2007 with David's Bridal employees.  Plaintiff does not dispute that the "first cost" data at issue

is the cost the manufacturer charged David's Bridal to manufacture the designs David's Bridal

provided the manufacturer for its Spring 2007 catalogue.  Plaintiff admitted in his affidavit that

he "asked for the cost data because [] Erlbaum . . . was interested in what David's Bridal paid

4

various manufacturers for the dresses they manufactured." Plaintiff further admitted that he gave

a copy of the cost sheet to Erlbaum but a factual dispute exists as to the timing of the disclosure.

David's Bridal terminated plaintiff's employment as Executive Vice President on

February 27, 2007 "for cause" based upon his allegedly competitive and disloyal conduct.

Defendants argue that they are entitled to attorneys' fees and costs required to enforce their rights

under the employment agreement because David's Bridal terminated plaintiff's employment for

cause. The employment agreement states in relevant part that:

> **8. Equitable and Legal Remedies.** . . (e) If you terminate your employment voluntarily
> or if your employment is terminated by May for Cause, you will be liable for all attorneys'
> fees and costs incurred by May in seeking to enforce its rights under this Agreement.

DISCUSSION

On June 20, 2009, defendants filed their motion for attorneys' fees and costs pursuant to

paragraph 8(e) of the employment agreement between plaintiff and defendants, asserting that

they are prevailing parties under Federal Rule of Civil Procedure 54 and for costs as the

prevailing party under Rule 54(d)(1). Defendants request $210,000 in attorneys' fees and costs

allegedly incurred through May 31, 2009 in enforcing their right to assign the employment

agreement to David's Bridal and in disputing plaintiff's claim that he was terminated "without

cause" and thus entitled to severance pay. Plaintiff argues that defendants are ineligible to

receive attorneys' fees because they are not a prevailing party and that they have not shown that

they are entitled to attorneys' fees under the terms of the 2001 employment agreement because

defendants did not terminate plaintiff's employment for "cause" and there has been no finding

that David's Bridal terminated plaintiff's employment for "cause." Plaintiff also argues that

defendants' motion does not satisfy the requirements of a request for attorneys' fees and costs

and that defendants are not entitled to costs because they did not incur the fees and costs. Plaintiff further disputes the specific requests made in the supplemental filing.

As I previously found, in keeping with the forum choice provision in the contract, the employment agreement at issue is governed by Missouri law.  Youtie v. Macy's Retail Holding, Inc., 2009 WL 1578043, at *5 (E.D. Pa. June 5, 2009).  Subject to certain exceptions, the well-established rule in Missouri, referred to as the "American Rule," states that a party to litigation is responsible for paying the party's own legal fees, even when the litigant is successful. Mihlfeld & Assoc., Inc. v. Bishop & Bishop, L.L.C., 2009 WL 2431465, at *7 (Mo. App. S.D. Aug. 10, 2009), citations omitted.   The two exceptions are:  (1) where a contract between the litigating parties provides for payment of attorney fees to a prevailing party, discussed here; and (2) where attorneys' fees are provided for specifically by statute.  Id.

"The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention."  Boyer v. Sinclair & Rush, Inc., 67 S.W.3d 627, 631 (Mo. App. E.D. 2002), citing Edgewater Health Care Inc. v. Health Sys. Mgmt, Inc., 752 S.W.2d 860, 865 (Mo. App. 1988).  "Where there is no ambiguity in the contract, the intentions of the parties are to be ascertained from the language of the contract and nothing else and it is the duty of the court to state its clear meaning."  Id.

"[W]hen a party requests attorney[s'] fees under a provision of a contract, the trial court must comply with the terms set forth in that contract."  Id., citing Kester v. Kester, 108 S.W.3d 213, 225 (Mo. App. 2003).  Although the trial court may use its discretion to determine the amount to award in attorneys' fees, where a party is found to have breached the contract the contractual provision for attorneys' fees requires the award of attorneys' fees to the prevailing

6

party.  Id., citing Sheppard v. East, 192 S.W.3d 518, 523 (Mo. App. 2006).

The employment agreement provisions at issue state, in relevant part:

**8.  Equitable and Legal Remedies.**  (e) If you terminate your employment voluntarily or if your employment is terminated by May for Cause, you will be liable for all attorneys' fees and costs incurred by May in seeking to enforce its rights under this Agreement.

**11.  Successors and Assigns**.  This Agreement will inure to the benefit of, and will be binding upon, May, its successors and assigns; provided, however, that, because this is an agreement for the personal services [sic], you cannot assign any of your obligations under this Agreement to anyone else.  May may assign its obligations under this Agreement to a May subsidiary; any assignment, however, will not relieve May of any of its obligations hereunder except to the extent that they are actually discharged by the subsidiary. Whenever this Agreement refers to May, that reference includes any of May subsidiaries or divisions in existence at any time during which this Agreement governs the conduct of you and May.

Provision 8(e) on which defendants rely makes recovery of attorneys' fees and costs contingent upon defendants terminating plaintiff's employment without cause or plaintiff voluntarily terminating his employment with defendants.  Defendants did not terminate plaintiff's employment with cause nor did plaintiff voluntarily terminate his employment with defendants. Instead, defendants assigned his contract to David's Bridal who later sent plaintiff a letter firing him "for cause."  Thus, the contingency under which the employment agreement provides for attorneys' fees and costs was not satisfied and defendants are not entitled to attorneys' fees and costs under the agreement.

However, defendants argue that provision 11 entitles defendants to attorneys' fees and costs because "David's Bridal is a successor or assign of [defendants] and the [e]mployment [a]greement inures to its benefit."  They argue that provision 8(e) is triggered because "plaintiff was terminated by 'May' (or its successors or assigns) for cause."  The quoted provision 8(e) does not include the phrase "'May' (or its successors or assigns);" 8(e) merely references May.  It

7

appears that defendants are arguing that the additional language that they add to this provision is

warranted by the last sentence in provision 11 that states that "[w]henever this [a]greement refers

to May, that reference includes any of May's subsidiaries or divisions in existence at any time

during which this [a]greement governs the conduct of you and May."   However, when David's

Bridal terminated plaintiff's employment, it was no longer defendants' "subsidiary or division;"

it had since been purchased by an affiliate of Leonard Green & Partners.

Despite defendants' argument, provision 11 assigns the entire agreement and its benefits

to David's Bridal as its successor and assign.  When defendants assigned plaintiff's contract to

David's Bridal, they also assigned to David's Bridal the right to the attorneys' fees and costs for

enforcing the employment agreement.  Nowhere in the contract is this right reserved to

defendants if plaintiff is terminated by an assignee for cause, even if the conduct at issue

occurred while he was employed by defendants.  In the assignment, only defendants' obligations

to plaintiff were retained if successors and assigns failed to discharge those obligations.  Thus,

defendants would only be entitled to attorneys' fees and costs if defendants themselves had

terminated plaintiff for cause or he had voluntarily terminated his contract with defendants.  The

last sentence in provision 11 does not support the proposition that a termination by defendants'

former subsidiary entitles defendants to attorneys' fees and costs.

The affidavit attached to defendants' supplemental filing states that defendants' attorneys'

fees and costs were incurred by David's Bridal on defendants' behalf.  Any argument that

defendants are entitled to attorneys' fees and costs incurred in pursuing their claims and defenses

against plaintiff because David's Bridal is paying their costs and fees is without merit.  A

contractual obligation between David's Bridal and defendants requiring David's Bridal to pay

8

defendants' attorneys' fees and costs does not create a contractual agreement between plaintiff and defendants entitling defendants to fees and costs under the employment agreement. Regardless of whether David's Bridal would be entitled to attorneys' fees and costs as a party to subsequent litigation against plaintiff based on the employment agreement, defendants do not become entitled to seek fees and costs for their claims merely because they have an agreement with David's Bridal to reimburse them for their fees and costs.  Defendants and David's Bridal have provided no authority to the contrary.

As the attorneys' fees provision does not apply to defendants and they have pointed to no other provision entitling them to attorneys' fees and costs, I will deny defendants' motion for attorneys' fees and costs.[1]

An appropriate Order follows.

---

[1]  Because I find that defendants are not entitled to attorneys' fees and costs on other grounds, I need not consider plaintiff's argument that defendants were not the prevailing party in his claims because I did not explicitly find that he had been fired by David's Bridal "for cause," whether defendants' motion complied with the requirements for a motion for attorneys' fees and costs or whether particular entries in the request were proper.